**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 29 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROUNTREE COTTON CO., INC.,

Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent - Appellee.

No. 00-9009
(T.C. No. 24014-97)
(U.S. Tax Court)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge, **LUCERO** , Circuit Judge, and **BROWN** ,† District
Judge.

Appellant appeals the tax court's order dismissing its petition for a

redetermination of its tax liability for the years 1994 and 1995. We exercise

jurisdiction pursuant to 26 U.S.C. § 7482 and affirm.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

†Honorable Wesley E. Brown, Senior District Judge for the District of
Kansas, sitting by designation.

I.

The appellant taxpayer made interest-free loans to a variety of other entities in which the shareholders of the taxpayer owned an interest. During an audit, the Commissioner determined that the interest foregone on the interest-free loans should be imputed to the taxpayer pursuant to I.R.C. § 7872. Accordingly, he increased the taxpayer's income for the taxable years of 1994 and 1995, which resulted in tax deficiencies for those years. The taxpayer petitioned the tax court for a redetermination of its tax liability for the years in question. The tax court ruled in favor of the Commissioner and this appeal followed.

II.

This case was decided on stipulated facts. We review a tax court's conclusions of law de novo. St. Charles Inv. Co. v. C.I.R., 232 F.3d 773, 775 (10th Cir. 2000).

The taxpayer made several arguments to the tax court in support of its general contention that the interest-free loans it made are not subject to the imputation rules of § 7872. The imputation rules apply to any "below-market loan directly or indirectly between a corporation and any shareholder of such corporation." I.R.C. § 7872(c)(1)(C). The taxpayer argued that § 7872 applies only to loans by a corporation to its majority shareholder or to loans by a corporation to an entity in which one of the lending corporation's shareholders

owns a majority interest. As none of the recipients of the loans in question in this case are majority shareholders of the taxpayer, nor are any of the recipients entities of which a majority shareholder is also a shareholder of the taxpayer, the taxpayer argued that § 7872 cannot apply to the loans at issue. Applying traditional rules of statutory construction, the tax court held that the language of § 7872 was broad enough to encompass the facts of this case and ruled in favor of the Commissioner.

For substantially the same reasons given by the tax court, we agree that the interest-free loans made by the taxpayer are subject to the imputation rules of § 7872. Accordingly, the district court's order of dismissal is AFFIRMED.

ENTERED PER CURIAM